## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NATALIE KRISTEN DE LA ROCHA,

     Plaintiff,

-vs-

                         Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANSWORLD
SYSTEMS INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, NATALIE KRISTEN DE LA ROCHA (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and TRANSWORLD SYSTEMS INC. (hereinafter "Transworld") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter

"Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Maricopa County in the State of Arizona. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Transworld is a corporation with its principal place of business in the Commonwealth of Pennsylvania and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Transworld is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Transworld furnished information about Plaintiff to Equifax and Experian that was inaccurate.

## FACTUAL ALLEGATIONS

19.    Plaintiff is alleged to owe a debt to Transworld, partial account number ending in x45, as to a collection account on behalf of original creditor Cox Communications (hereinafter "Transworld Account"). Plaintiff does not have an account with Cox Communications and never applied or gave permission to anyone to apply using her information for the original Cox Communications account.

20.    In or about early 2024, Plaintiff received a denial for at least two (2) loan and/or line of credit applications.

21.    Around that time, Plaintiff became aware of Credence Resource Management, LLC (hereinafter "Credence"), partial account number 273091*, as to a collection account on behalf of Cox Communications (hereinafter "Credence Account").

4

22.     Shortly thereafter, Plaintiff contacted Cox Communications to request more information and ask for the account to be removed. However, the representative for Cox Communications was unable to assist with removing the account or provide any additional information to Plaintiff, because, per the representative, there were no accounts belonging to Plaintiff.

23.     On or about January 16, 2024, Plaintiff obtained copies of her credit report from Experian. Upon review, Plaintiff observed the Credence Account was appearing with a status of collection and a balance of $274.

24.     On or about February 9, 2024, Plaintiff reported the inaccurate reporting of the Cox Communications account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240209-13265884.

25.     In the CFPB report, Plaintiff detailed the fact that the Cox Communications account did not belong to her, and she requested an investigation into the inaccurate reporting.

26.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax and Experian, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

27.     Upon information and belief, Equifax and Experian failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the collection of the Cox Communications account on her credit report.

28.     Due to the inaccurate reporting, on or about February 16, 2024, Plaintiff submitted online detailed written dispute letters to Equifax and Experian and advised that the Credence Account did not belong to her.

29.     On or about March 9, 2024, Plaintiff received dispute results from Experian which stated the Credence Account was verified and updated.

30.     On or about April 5, 2024, Plaintiff contacted Equifax for her dispute results and was advised that the Credence Account was verified as accurate.

31.     Due to the continued inaccurate reporting, on or about April 5, 2024, Plaintiff contacted Equifax and Experian via telephone to again dispute the Credence Account which did not belong to her.

32.     On or about April 5, 2024, Experian responded to Plaintiff's telephonic dispute and stated the Credence Account was verified and updated.

33.     On or about April 17, 2024, Plaintiff filed a Complaint in the United States District Court in the Northern District of Georgia, Case No. 1:24-cv-01619-SEG-WEJ, against Equifax and Experian as to the inaccurate reporting.

34.     On or about June 3, 2024, Plaintiff and Equifax reached a settlement, and at that time, a collection account on behalf of Cox Communication was no longer reported on Plaintiff's Equifax credit report.

35.     On or about June 3, 2024, Plaintiff and Experian reached a settlement, and at that time, a collection account on behalf of Cox Communication was no longer reported on Plaintiff's Experian credit report.

36.     Several months after reaching a settlement, in or about March 2025, Plaintiff became aware of the Transworld Account appearing in her credit file.

37.     On or about May 8, 2025, Plaintiff obtained a copy of her Experian credit report. Upon review, Plaintiff observed that the Transworld Account was reported with a status of collection and balance of $274.

38.     Due to the inaccurate reporting, on or about May 20, 2025, Plaintiff mailed a detailed dispute letter to Equifax and Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised that the Transworld Account did not belong to her. To confirm her identity, Plaintiff included an image of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting and images of the filed CFPB Complaint.

39.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 8838 8543 60) and Experian (9407 1112 0620 8838 8543 08).

40.     On or about June 4, 2025, Plaintiff received a response from Equifax requesting proof of identification despite Plaintiff having included images of her driver's license in her detailed dispute letter.

41.     On or about June 12, 2025, Plaintiff received a response from Equifax which confirmed receipt of her detailed dispute letter but stated it was frivolous and would not be investigated.

42.     Despite confirmation of delivery on May 31, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax.

43.     However, on or about June 30, 2025, Plaintiff obtained an updated copy of her Equifax credit report, and upon review, Plaintiff observed that the Transworld Account continued to be reported with a comment which stated, "Consumer disputes this account information".

44.     Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

45.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

46.     Equifax never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Equifax notified Transworld of Plaintiff's dispute. However, Transworld failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

48.     On or about June 23, 2025, Plaintiff received dispute results from Experian which stated the Transworld Account was verified as accurate and remains.

49.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

50.     Experian never attempted to contact Plaintiff during the alleged investigation.

51.     Upon information and belief, Experian notified Transworld of Plaintiff's dispute. However, Transworld failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

52.     On or about June 30, 2025, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 189314238. In this report, she explained that she was a victim of identity theft and that the Transworld Account listed in her credit report did not belong to her.

53.     Due to the continued inaccurate reporting, on or about June 30, 2025, Plaintiff mailed a second detailed dispute letter to Equifax and Experian. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff reiterated that the Transworld Account did not belong to her. To confirm her identity, Plaintiff included an image of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the filed CFPB Complaint, and images of the filed FTC Identity Theft Report.

54.     Plaintiff mailed her second detailed dispute letter via USPS Certified Mail to Equifax (9407 1111 0549 5897 5307 82) and Experian (9407 1111 0549 5897 5307 75).

55.     As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax and Experian regarding her second detailed dispute letter.

56.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Experian continue to inaccurately report the erroneous Transworld Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

57.    Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

58.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

59.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection; and

    v.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

10

60. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

61. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62. Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

63. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

65. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

66. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

68.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

69.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

70.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

71.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

72.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

73.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

74.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

75.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

13

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

79.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

80.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

81.     Plaintiff provided Equifax with the information it needed to confirm that the Transworld Account did not belong to her and that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

82.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental

and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

86.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all

relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

87.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

88.    Plaintiff provided Equifax with the information it needed to confirm that the Transworld Account did not belong to her and that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

89.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Negligent)**

92.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

93.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

94.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

95.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

96.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

<u>**COUNT VI**</u>
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Willful)**

99. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

100. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

101. Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

102. Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

103.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

105.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

106.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

19

107.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.    Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

109.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

111.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

112.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

114.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

115.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

116.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

117.    Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

118.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

119.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

120.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

21

121.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

123.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

124.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

125.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of

such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

126.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

127.    Plaintiff provided Experian with the information it needed to confirm that the Transworld Account did not belong to her and that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

128.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

129.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

23

130.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

131.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

132.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

133.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

24

134.    Plaintiff provided Experian with the information it needed to confirm that the Transworld Account did not belong to her and that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

135.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

136.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

137.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Transworld Systems Inc. (Negligent)

25

138.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

139.    Transworld furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

140.    After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

141.    Plaintiff provided all the relevant information and documents necessary for Transworld to have identified that the account was erroneous.

142.    Transworld did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Transworld by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

143.    Transworld violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

144.    As a direct result of this conduct, action, and/or inaction of Transworld, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

145.    The conduct, action, and inaction of Transworld was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

146.    Plaintiff is entitled to recover costs and attorney's fees from Transworld in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, TRANSWORLD SYSTEMS INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Transworld Systems Inc. (Willful)

147.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-nine (59) above as if fully stated herein.

148.    Transworld furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

149.    After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

150.    Plaintiff provided all the relevant information and documents necessary for Transworld to have identified that the account was erroneous.

151.    Transworld did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Transworld by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

152.    Transworld violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

153.    As a direct result of this conduct, action, and/or inaction of Transworld, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

154.    The conduct, action, and inaction of Transworld was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

155.    Plaintiff is entitled to recover costs and attorney's fees from Transworld in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANSWORLD SYSTEMS INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive

damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSWORLD SYSTEMS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of June 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
Virginia Bar #: 101194
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*